Merrick, P.J.
Plaintiff Leasecomm Corporation (“Leasecomm”) is a “finance lessor” which provides financing for the purchase of equipment by small businesses by means of a lease of the equipment. Its operations are described in detail in Leasecomm Corp. v. Crawford, ante, which we have decided today. Defendant Michael Moore (“Moore”), together with his brother, runs a bait and tackle shop in Whiskey Flats, Texas. Moore ordered a new sign for the business from a salesman of Gulf Industries, Inc. (“Gulf’). As a financing device for the purchase, Moore signed a lease of the sign on Leasecomm’s printed form, as prepared and completed by the Gulf salesman. The printed form of the finance lease was identical to that described in Leasecomm Corp. v. Crawford, ante, including the forum selection clause. The lease provided for monthly payments of $79.95 for 48 months. The Gulf salesman submitted the signed lease to Leasecomm. Leasec-omm approved Moore’s credit, executed the lease, and returned it and the purchase money for the sign to Gulf Industries, Inc.
When the sign was delivered to Moore, it was in the wrong font. Gulf redid it, but it remained unsatisfactory to Moore, who accepted it “under protest.” Moore later discovered that Gulf had sold a sign with a similar logo to another bait shop nearby *64 despite representations by Gulf’s salesman to both businesses that the logo would not be sold to any other business in the area. Moreover, despite the salesman’s assurances that there would be no sales tax, Moore was not only charged a sales tax, but also charged in an amount twice the actual Texas sales tax. Moore made 19 payments to Leasecomm and then defaulted.
Leasecomm filed this action in the Cambridge Division of the District Court Department. Moore filed a Mass. R. Civ. E, Rule 12(b)(2), motion to dismiss on the alternative grounds of lack of personal jurisdiction or forum non conveniens. Moore’s motion was allowed, and this Dist./Mun. Cts. R. A. D. A., Rule 8A, appeal by Leasecomm followed.
For the reasons stated in Leasecomm Corp. v. Crawford, ante, we rule that the forum selection clause in the parties’ finance lease may be enforced, and that claimed misrepresentations by the supplier do not raise a triable defense against the finance lessor and thus fail to support a claim of forum non conveniens.
We note, however, that Moore also asserts that Leasecomm is charging him twice the appropriate Texas sales tax. To the extent that claim is for misrepresentation because of the supplier’s salesman’s statement that no taxes would be due, it is not a claim to be raised against Leasecomm. Conversely, if Moore is claiming that Leasecomm is charging an excessive amount of sales tax, the claim is obviously one directly against Leasecomm. However, the issues of whether a Massachusetts or Texas sales tax should be charged and, if so, in what amount are issues of law which require no testimony. The tax issues do not, therefore, provide any basis for a claim of forum non conveniens.
The allowance of Moore’s motion to dismiss is reversed, and the judgment entered in favor of the defendant is vacated.
So ordered.